# EXHIBIT A

Stanley L. Niblack#923038  '69213
Bayside State Prison (Farm BK 1)
4293 Route 47
P.O. Box F2
Leesburg  New Jersey 08327

---

STANLEY L. NIBLACK,                    :        SUPERIOR COURT OF NEW JERSEY
            Plaintiff,                 :        COUNTY OF ESSEX
                                       :        LAW DIVISION
                                       :
        v.                             :        Docket No.:
                                       :
UNIVERSITY OF MEDICINE AND DENTISTRY
OF NEW JERSEY,                         :
UNIVERSITY CORRECTIONAL HEALTHCARE,    :
JAMES R. GONZALEZ, PRES./CEO,          :
MARGARET REED, MA,                     :
CENTRAL RECEPTION AND ASSIGNMENT
FACILITY,                              :
EVELYN DAVIS, ADMINISTRATOR (CRAF),    :
DR. CHWEN-MEI CHEN, DMD,               :
JANE/JOHN DOE, ASST. SUPT./ADMIN.,     :
SHANNON MCCOMB, STAFF (CRAF),          :
MARY LULANG, STAFF (CRAF),             :
JANE DOE 1, DENTAL HYGIENIST (CRAF),   :
JANE DOE 2, NURSE (CRAF)               :        CIVIL ACTION
JANE DOE 3, NURSE (CRAF),              :
JANE DOE 4, NURSE (CRAF),              :        COMPLAINT
JANE DOE 5, NURSE (CRAF),              :
JANE DOE 6 , NURSE (CRAF),             :
JANE DOE 7, NURSE (CRAF),              :
OFFICER YI, (CRAF),                    :
OFFICER MS. BROWN, (CRAF),             :
OFFICER F.C. CONNOR, (CRAF),           :
OFFICER D. RIVERA, (CRAF),             :
NEW JERSEY DEPARTMENT OF CORRECTIONS,  :
GARY M. LANIGAN, COMMISSIONER,         :
LOUIS COLELLA, DOC DENTAL DIRECTOR,    :
DR. RALPH WOODWARD. NJDOC MANAGING
PHYSICIAN,                             :
SOUTHERN STATE CORRECTIONAL FACILITY,  :
C. RAY HUGHES, ADMINISTRATOR,          :
JOHN/JANE DOE, STAFF SIG.,             :
A. DOE, ASST. SUPT./ADMIN.,            :
ROBERT ZAMRIN, DDS, SSCF & BSP,        :
JANE DOE, DDS, S.S.C.F.,               :
JANE DOE 8, DENTAL HYGIENIST, SSCF,    :
BAYSIDE STATE PRISON,                  :
JOHN POWELL, ADMINISTRATOR, BSP,       :
RONALD D. RIGGINS, ASST. SUPT./ADMIN,  :
WILLIT BONDS, ASSOC./ASST. ADMIN.BSP.  :
CHRISTY DOE, STAFF SIG. BSP,           :
JOHN DOE 2, DDS, BSP,                  :
JANE DOE 9, DENTAL HYGIENIST/ASST.,    :
BSP, AND                               :
R. HEADLEY, BSNRN, BSP,                :
            Defendant's,               :

---

## PARTIES

Plaintiff: Stanley L. Niblack, SBI No.: 923038A; State No.: 769213; Bayside State Prison, (Unit "F"), 4293 Route 47, P.O. Box F1, Leesburg, New Jersey 08327.

Defendants: University of Medicine and Dentistry of New Jersey, 150 Bergen Street, Newark, New Jersey 07103;

James R. Gonzalez, Pres./CEO, UMDNJ, 150 Bergen Street, Newark, New Jersey 07103;

Margret Reed, MA, Acting Statewide Medical Patient Advocate, University Correctional HealthCare, UMDNJ, 150 Bergen Street, Newark, New Jersey 07103;

Central Reception and Assignment Facility, Stuyvesant Avenue, P.O. Box 7450, Trenton, New Jersey 08628;

Evelyn Davis, Administrator, CRAF, Stuyvesant Avenue, Trenton, New Jersey 08628;

Dr. Chen, DDS, CRAF, Stuyvesant Avenue, TRenton, New Jersey 08628;

Jane/John Doe, Asst. Supt./Admin., CRAF, Stuyvesant Avenue, Trenton, NJ 08628;

Shannon McComb, Staff, CRAF, Stuyvesant Avenue, Trenton, New Jersey 08628;

Mary Lulang, Staff, CRAF, Stuyvesant Avenue, Trenton, New Jersey 08628;

Jane Doe 1, Dental Hygienist/Asst., CRAF, Stuyvesant Avenue, Trenton, NJ 08628;

Jane Doe 2, Nurse, CRAF, Stuyvesant Avenue, Trenton, New Jersey 08628;

Jane Doe 3, Nurse, CRAF, Stuyvesant Avenue, Trenton, New Jersey 08628;

Jane Doe 4, Nurse, CRAF, Stuyvesant Avenue, Trenton, New Jersey 08628;

Jane Doe 5, Nurse, CRAF, Stuyvesant Avenue, Trenton, New Jersey 08628;

Jane Doe 6, Nurse, CRAF, Stuyvesant Avenue, Trenton, New Jersey 08628;

Jane Doe 7, Nurse, CRAF, Stuyvesant Avenue, Trenton, New Jersey 08628;

Officer Yi, CRAF, Stuyvesant Avenue, Trenton, New Jersey 08628;

Officer Ms. Brown, CRAF, Stuyvesant Avenue, New Jersey 08628;

Officer F. C. Connor, CRAF, Stuyvesant Avenue, Trenton, 08628;

Officer D. Rivera, CRAF, Stuyvesant Avenue, Trenton, New Jersey 08628;

New Jersey Department of Corrections, Whittlesey Road, Trenton, New Jersey 08625;

Gary M. Lanigan, Commissioner, Whittlesey Road, Trenton, New Jersey 08625;

Louis Colella, DOC Dental Director, Whittlesey Road, Trenton, New Jersey 08625;

Dr. Ralph Woodward, NJDOC Managing Physician, Whittlesey Road, Trenton, NJ 08625;

University Correctional HealthCare, 150 Bergen Street, Newark, New Jersey 07103;

Southern State Correctional Facility, 4295 Route 47, Delmont, New Jersey 08314;

C. Ray Hughes, administrator, SSCF, 4295 route 47, delmont, New Jersey 08314;

A. Doe, Asst. Supt./Admin., SSCF, 4295 Route 47, Delmont, New Jersey 08314;

John/Jane Doe, SSCF, Staff Sig., 4295 Route 47, Delmont, New Jersey 08314;

John Doe, DDS, SSCF, 4295 Route 47, Delmont, New Jersey 08314;

Jane Doe, DDS, SSCF, 4295 Route 47, Delmont, New Jersey 08314;

Jane Doe 8, Dental Hygienist/Asst., SSCF, 4295 Route 47, Delmont, New Jersey 08314;

Bayside State Prison, 4293 Route 47, Leesburg, New Jersey 08327;

John Powell, Administrator, BSP, 4293 Route 47, Leesburg, New Jersey 08327;

Ronald D. Riggins, Asst. Supt./Admin., 4293 Route 47, Leesburg, New Jersey 08327;

Willit Bonds, Assoc./Asst. Admin., BSP, 4293 Route 47, Leesburg, NJ 08327

Christy Doe, Staff Sig. BSP, 4293 Route 47, Leesburg, New Jersey 08327;

John Doe 1, DDS, BSP, 4293 Route 47, Leesburg, New Jersey 08327;

John Doe 2, DDS, BSP, 4293 Route 47, Leesburg, New Jersey 08327;

Jane Doe 9, Dental Hygienist/Assistant, BSP, 4293 Route 47, Leesburg, NJ 08327; and;

R. Headley, BSNRN, BSP, 4293 Route 47, Leesburg, New Jersey 08327.

## CAUSE OF ACTION

1. That in the month of August, 2012, I was transferred to Central Reception and Assignment Facility (CRAF) from Monmouth County Correctional Institution. Upon my reception into this facility I was informed by Dr. Chen and Jane Doe 1, Dental Hygienist that all of my remaining teeth needed to be extracted and full dentures made. A period thereafter in the month of August, 2012, Dr. Chen extracted two of my remaining five (5) teeth. I immediately started to endure excruciating pain in the hole where the teeth had been extracted.

I started requesting emergency treatment to alleviate this enormously excruciatingly painful area of my mouth where these teeth had been extracted to several nurses and officers, whoever would listen. I requested emergency treatment from nurses Jane Doe 2 to 7, when I went to pill call. I requested emergency dental treatment through Officer Yi, Officer Ms. Brown, (E2E), Officer F. C. Connor and Officer D. Rivera to no avail. Where I was consistently informed by the nurses and officers that their is no emergency dental care or treatment. I was even told by the nurse at sick call after dropping a slip to see the dentist that their is no emergency dental treatment and that I would just have to wait until the dentist gets back.

The actions and/or inactions by these defendant's were contrary to their own rules, standards, procedures or policies as promulgated under N.J.S.A. 10A:16-3.1 to 10A:16-3.19. In which was in further conflict with the United States Constitution and New Jersey State Constitutions. Where these defendant's were deliberately indifferent to the plaintiff's dental needs.

2. The defendant's: Central Reception andAssignment Facility, Evelyn Davis, Administrator; Jane/John Doe, Asst. Supt./Admin.; Shannon McComb, Staff and Mary LuLang, were made of aware of the defendant's abuses as outlined in number 1, but did nothing to stop the abuses endured by the plaintiff. These defendant's has acquiesced in and condoned with the unconstitutional conduct of the defendant's noted in number 1.

That the defendant's fails to train, supervise or discipline their personnel on the policies as set forth in 10A:16 subsection 3, or constituitonal mandates exhibits a deliberate indifference to the plaintiff's rights. Where the extremely faulty training program of the dental personnel and officers is a direct or indirect result of deliberate indifferent dental needs of the plaintiff or others they come into contact with. These defendant's has made a deliberate and conscious choice in failing to train its personnel and officers on the proper policies or constitutional mandates of dental treatment and care. Where their deliberate indifference to the mandates of the United States and New Jersey Constitutions to properly and adequately train its dental personnel, nurses and officers, is the moving force behind the constitutional violations or torts.

3. Southern State Correctional Facility, John Doe, DDS, Jane Doe, DDS, and Jane Doe 8, Dental Hygienist/Assistant denied continuing the process of dentures being made for the plaintiff. In which the plaintiff had to endure bleeding gums, unable to chew food up properlyto eat, swallowing food whole and disfigurement. Stating that DOC policy permits dentures to be made for prisoners every five years.

Defendant C. Ray Hughes, Administrator, A. Doe, Assistant Supt./Admin., and John/Jane Doe, Staff Sig., has implemented a policy limited dental prosthetics in order to deter dental health to the plaintiff and others incarcerated. This policy created a deliberate indifference to plaintiff's dental needs. With these defendant's actions or inactions as noted in number 2, paragraph 2. Where defendant's denied/granted dentures prescribed Jane Doe.

4. On January 25, 2013, the plaintiff was transferred from S.S.C.F. to B.S.P. On February 18, 2013, John Doe 1, DDS, BSP, extracted two teeth leaving plaintiff with one tooth in my mouth. Although, I requested all teeth to be extracted due to pain in that tooth, but denied and told to drop slip if tooth still hurts. Process was towards impressions for dentures to be made as prescribed after last tooth was extracted is what the dentist and dental hygienist/assistant, Jane Doe 9, informed plaintiff.

Dropped medical slip to have last tooth extracted that was excruciatingly painful. On March 12, 2013, Jane Doe 9, Dental Hygienist/Assistant and John Doe 2, DDS, BSP, refused to extract plaintiff's extremely painfully aching tooth. Telling this plaintiff that I am only required to see the dentist every six (6) weeks. Leaving this plaintiff in extreme pain, not even given pain medication for tooth ache.

Then on March 25, 2013, defendant, John Doe 1, DDS, BSP, extracted the excruciatingly painful tooth. That plaintiff had to endure this enormous pain in for over a month. Plaintiff was berated by the defendant, Jane Doe 9, Dental hygienist/Assistant, who stated that I ought to be glad that I was even seen by a dentist. That she didn't know why the previous dentist (John Doe 2, DDS, BSP), didn't prescribe any pain medication, She went on to inform this plaintiff that I had some nerve in writing it up (IRF) on this matter. The defendant, Jane Doe 9, further stated that they were not obligated to see plaintiff no more than every six (6) weeks. In accordance to their rules, regulations, procedures, standards and/or policies to be followed as written. Defendant also advised plaintiff that they were short a dentist.

On May 22, 2013, plaintiff had dental appointment but denied the start of impressions to be made for dentures by defendant's, John Doe 1, DDS, BSP, and Jane Doe 9, Dental hygienist/assistant. Althoug, they had continued to extract all of my teeth as prescribed by Jane Doe, DDS, SSCF. In which they were doing the follow-up treatment in regards to plaintiff getting his full dentures. They still refused to make the impressions for me to get full dentures. Leaving plaintiff in pain, bleeding gums, unable to chew my food, swallow food, choking on my food and disfigurement.

Defendants: Bayside State Prison; John Powell, Administrator; Ronald D. Riggins, Assistant Supt./Admin.; Willit Bonds, Associate Admin./Supt.; Christy Doe, Staff Sig.; and R. Headley, BSNRN, has not provided dental treatment and care to plaintiff in accordance to 10A:16, subchapter 3. These defendant's has promulgated their own DOC policy limiting dental prosthetics for plaintiff every five (5) years. That defendant's actions or inactions were a deliberate indifference to plaintiff's dental needs and not providing any emergency dental treatment for the extraction of painfully aching teeth or any means to alleviate pain. In which was in violation of the United States and New Jersey Constitutions.

There actions or inactions causes or creates an atmosphere of acceptance of Constitutional deprivations and infringements. These defendant's fails to further train the defendant's noted herein as incorporated in paragraphs 1 through 4. With plaintiff further implementing allegations as set forth and incorporated in number 2, paragraph 2, in regards to defendant's named herein as though stated herein fully.

The plaintiff further asserts as though fully stated herein and incorporated within points 1 through 5, in regards to all of the herein named defendant's violation of the New Jersey Civil RightsAct of 2004, pursuant to N.J. Stat. Ann. 10:6-2(c).

5. That Defendant's: New Jersey Department of Corrections; Gary M. Lanigan, Commissioner; Louis Colella, DOC Dental Director; Dr. Ralph Woodward, DOC Managing Physician; University of Medicine and Dentistry of New Jersey; James R. Gonzalez, President/CEO; University Correctional HealthCare; and Margret Reed, MA; Does not require or enforce the mandates as established under N.J.S.A. 10A:16, subchapter 3, Dental Treatment and Care. These defendant's does not require any of the herein named defendant's to adhere to the mandates of the United States and New Jersey Constitutions on dental treatment and care afforded to plaintiff or simarly situated incarcerated individuals.

That the defendant's named herein fails to train, supervise or discipline the dental staff or DOC correctional officers under their command. There actions and/or inactions causes or creates an atmosphere of acceptance of Constitutional deprivations, infringements and infirmities to be levied upon plaintiff and other similarly situated prisoners.

The inadequacy of these defendants training of their dental staff and correctional officers on Constitutional mandates exhibits a deliberate indifference to rights of the plaintiff and other similarly situated prisoners that they come into contact with. Where the extremely faulty training program of the New Jersey Department of Corrections, University of Medicine and Dentistry of New Jersey, University Correctional HealthCare and other above named defendant's is a direct and /or indirect result of the deliberate indifference to the dental needs of the plaintiff, and other similarly situated prisoners. The action(s) stated herein to be unconstitutional implements or executes a policy statement, rule, regulation, standard, practice, procedure or decision officially adopted and promulgated by the above named defendant's.

The defendant's named herein has made a deliberate and conscious choice in failing to train its dental staff and correctional officers on Constitutional mandates on adequate and sufficient dental treatment and care to be provided to prisoners incarcerated in the State of New Jersey. Failing to even discipline their dental staff or correctional officers although deliberately indifferent and unlawful dental practices are known to them. Defendant's condone, tolerate and acquiesce in these constitutional deprivations, infringements and infirmities.

These defendant's has a history of widespread abuse imputed to supervisory and personnel misbehavior. These defendant's has implemented practices, procedures, policies, rules, regulations, standards or customs that violate the plaintiff's and other similarly situated prisoners constitutional rights. Which are so well settled in the New Jersey Department of Corrections, University of Medicine and Dentistry of New Jersey and University Correctional HealthCare as to constitute a "custom or usage" with the force of law. Where their deliberate indifference to constitutional mandates and 10A:16, subchapter 3, to properly or adequately train their dental staff and correctional officers, is the moving force behind the constitutional violations or torts.

Where the plaintiff in this matter was unable to chew my food without my dentures, sig-cificantly impeding my ability to eat, plaintiff suffered bleeding in my mouth/gums, severe pain and headaches, as well as disfigurement. That dentist recommended dentures, but em-ployees anddental staff went back and forth with procedures refusing to let dental work go forward.

That the five (5) year limitation policy on dentures implemented by the New Jersey Depart-ment of Corrections, University of Medicine and Dentistry of New Jersey, University Corre-tional HealthCare, Gary M. Lanigan, Commissioner; Louis Colella, DOC Dental Director; Dr. Ralph Woodward, DOC Managing Physician; James R. Gonzelez, President/CEO; and Margret Reed, MA, violated plaintiff's and other similarly situated prisoners constitutional rights. With supervisory liability existing where these supervisory official's "implement[s] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving foce of the constitutional violation".

<u>DEMAND</u>

All of the herein named defendant's: University of Medicine and Dentistry of New Jersey; James R. Gonzalez, Pres./CEO; University Correctional HealthCare; Margret Reed, MA; Central Reception and Assignment Facility; Evelyn Davis, Administrator; Dr. Chen, DDS; Jane/John Doe, Asst. Supt./Admin.; Shannon McComb, Staff; Mary Lulang, Staff; Jane Doe 1, Dental Hygienist; Jane Doe 2, Nurse; Jane Doe 3, Nurse; Jaane 4, Nurse; Jane Doe 5, Nurse; Jane 6, Nurse; Jane Doe 7, Nurse; Officer Yi; Officer Ms. Brown; Officer F.C. Connor; Officer D. Rivera; New Jer-sey Department of Corrections; Gary M. Lanigan, Commissioner; Louis Colella, DOC Dental Direc-tor; Dr. Ralph Woodwar, NJDOC Managing Physician, Southern State Correctional Facility; C.-Ray Hoghes, Administrator; John/Jane Doe, Staff Sig.; A. Doe, Asst. Supt./Admin.; John Doe, DDS; Jane Doe, DDS; Jane Doe 8, Dental Hygienist/Asst.; Bayside State Prison; John Powell, Adminis-trator; Ronald D. Riggins, Asst. Supt./Admin.; Willit Bonds, Assoc./Asst. Admin.; Christy Doe, Staff Sig.; John Doe 1, DDS, BSP; John Doe 2, DDS, BSP; Hane Doe 9, Dental Hygienist/As-sistant, BSP; and R. Headley, BSNRN, BSP; are sued in their individual and official capacities for the sum of One Million Dollars ($1,000,000.00) in United States Currency as to each of the herein named defendants for a total sum of Forty One Million Dollars ($41,000,000.00) in Compensatory, Punitive/Exemplary, Special and any other damages that the Court or Jury deems just and equitable.

## DECLATORY RELIEF

That the New Jersey Department of Corrections, Universidty of Medicine and Dentistry of New Jersey and University Correctional HealthCare, follow the mandates of 10A:16, subchapter 3, in providing emergency dental care to prisoners and adequate treatment in all regards of dental care. That these defendant's implement and promulgate adequate training to all of its dental staff and correctional officers in dealing with signs of dental emergencies and other preventive dental care measures to ensure that all prisoners are afforded proper dental care and treat ment.

That these defendant's abolish their unconstitutional prison policy limiting a prisoner's access to dental prosthetics if provided within the past five (5) years. Where this limitation is a deliberately indifference to a prisoner's dental needs. Where it causes the prisoner to suffer unnecessarily, with bleeding gums, unable to chew their food properly which may cause them to choke on it. The lack of dentures presents prisoner's with unwarranted headaches and/or severe pain, disfigurement. This impedes a prisoner's ability to eat properly that may cause other complications to their health.

These defendant's must implement an adequate disciplinary procedure and process for any employee or staff member who abridges this declatory relief. Whereas, the plaintiff seeks to enter a consent decree with the herein named defendant's so as the aspects of this decree is followed and met. With these defendant's being monitored for five (5) years after entering this consent decree so as to observe and monitor defendant's compliance.

## INJUNCTIVE RELIEF

The plaintiff seeks an injunction and/or temporary restraining order against the New Jersey Department of Corrections, University of Medicine and Dentistry of New Jersey and university Correctional healthCare. Where the plaintiff seeks this relief on the basis of preventing and restraining defendant's from not affording plaintiff or other similarly situated prisoners from receiving emergency dental treatment and care. Where the plaintiff and other similarly situated prisoners has been left in pain as dental staffs refused to extract painfully toothaches, or dry sockets leaving them to suffer.

Refraining defendant's from further Constitutional deprivations, infringements and infirmities, that are a deliberately indifference to serious dental needs. Where their policy limiting plaintiff or other similaryly situated prisoners from receiving prosthetics (dentures, guards), with a five (5) year limitation. In which is a policy that restricts dental health procedures for prisoners. If an injuction, preliminary injunction or temporary restraining order is not implemented the plaintiff and other similarly situated prisoners would sustain irreparable harm. The plaintiff has a great chance of the likelihood of success on the merits of his claims as set forth herein for the injunction, preliminary injunction or temporary restraining order to be granted.

Wherefore, plaintiff requests judgment against these defendants for damages as setforth herein, together with attorney fees, filing fees, costs of suit, and any other relief as the court may deem proper and just.

Respectfully Submitted,

SLN/stsc

*Stanley L. Niblack*
Stanley L. Niblack

Dated: June 1, 2013

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding. To the best of my knowledge and belief no other action or belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit at this time. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Respectfully Submitted,

SLN/stsc

*Stanley L. Niblack*
Stanley L. Niblack
Plaintiff, Pro-Se

Dated: June 1, 2013

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-(b) and 4:35-1(a), F.R.C.P. 38(b) and Loc. Civ. Rule 38.1 "and Demand for Jury Trial".

Respectfully Submitted,

SLN/stsc

*Stanley L. Niblack*
Stanley L. Niblack
Plaintiff, Pro-Se

Dated: June 1, 2013

*Stanley L. Niblack*
Plaintiff

NEW JERSEY JUDICIARY   NOV 9 2013

NOV 8 2013

**FILING FEE WAIVER REQUEST**
Based on Inability to Pay

VS.

*University of Medicine & Dentistry of New Jersey, et al.*
Defendant

| Applicant's Name: | | | | Docket Number: |
|---|---|---|---|---|
| Last *Niblack* | First *Stanley* | MI *L.* | | ESX-L 8821-13 |
| Home Address: *#293 Rte 47* *#9230384* | | | | Home Phone # |
| Street *P.O. Box F2* | | Apt No *769213* | | ( — ) — — — — |
| City *Leesburg* | State *NJ* | Zip *08327* | | Number of Dependants — — — — |

I, *Stanley L. Niblack*, am over the age of 18 and request no court fee be charged as I am without funds to pay the fee. I am a (check one) ☑ Plaintiff ☐ Defendant in the following court:

☑ Civil    ☐ Special Civil Part    ☐ General Equity    ☐ Probate    ☐ Family

The following are facts about my financial condition. My income before taxes is:

| Salary (per month): $ *25.00 Approx.* | Other Income (per month): $ *75.00 Approx.* |
|---|---|

Specify source of other income, including six months of prisoners' account statements in accordance with N.J.S.A. 30:4-16.3 (per month): *Family, Friends*

The following is a complete list of everything I own and owe, as far as I know:

| Own | Amount $ | | Owe (per month) | Amount $ | |
|---|---|---|---|---|---|
| Money in any bank accounts | | | Rent/mortgage | | |
| Automobiles | | | Food | | |
| Real estate | *N/A* | | Utilities | *N/A* | |
| Insurance with cash value | | | Alimony/child support | | |
| Money owed to me | | | Auto payment | | |
| Other (specify) *Outstanding Judgment and* | | | Other (specify) *Credit cards, Bills, etc.* | *$25,000* | |
| TOTALS | *6,?0* | 0.00 *Approx.* | TOTALS | *$25,000* | 0.00 *Approx.* |

Please attach documents as to income (pay stubs, welfare documents, unemployment documents, last bank statement, etc.)

I certify the statements made by me in this document are true and that my proposed pleading is attached. I understand that if I give any false information, I may be punished by the court.

**I am signing this statement to explain to the court why I am unable to pay any court fees in this lawsuit.**
(Rule 1:13-2(a))

Fee Waived: ☑ Yes ☐ No

*Stanley L. Niblack*
Signature (Applicant)          Date *10.25.13*

*Stanley L. Niblack*
(Print Name)

**Dennis F. Carey, III, P.J.Cv.**
(Print Name)          Date *11/8/10*

Revised: 08/05/2010, CN 11208

# EXHIBIT B

(HMDNJ)

Stanley L. Niblack #723038A/769213
NSP (3 Wing, 115)
168 Frontage Rd.
P. O. Box 2300
Newark, NJ 07114

Pleadings

STANLEY L. NIBLACK,
        Plaintiff,

V.

UNIVERSITY OF MEDICINE AND DEN-
TISTRY OF NEW JERSEY, UNIVERSI-
TY CORRECTIONAL HEALTHCARE, JAMES
R. GONZALEZ, PRESIDENT, MARGRET
REED, MA, CENTRAL RECEPTION AND
ASSIGNMENT FACILITY, EVELYN
DAVIS, ADMINISTRATOR, DR. CHWEN
MEI-CHEN, DMD, JANE/JOHN DOE,
ASST. SUPT./ADMIN., SHANNON MC-
COMB, MARY LULANG, JANE DOE 1,
DENTAL HYGIENIST, JANE DOE 2,
NURSE, JANE DOE 3, NURSE, JANE
DOE 4, NURSE, JANE DOE 5, NURSE,
JANE DOE 6, NURSE, JANE DOE 7,
NURSE, OFFICER YI, OFFICER M3
BROWN (E2E), OFFICER F. C. CONNOR,
(E2E), OFFICER D. RIVERA, NEW
JERSEY DEPARTMENT OF CORRECT-
TIONS, GARY M. LANGAN, COM-
MISSIONER, LOUIS COLELLA, DOC
DENTAL DIRECTOR, DR. RALPH
WOODWARD, NJDOC MANAGING
PHYSICIAN, SOUTHERN STATE
CORRECTIONAL FACILITY, C.
RAY HUGHES, ADMINISTRATOR,
JANE/JOHN DOE 2, ROBERT ZAMRIN
DDS, JENNIFER HOBBS-SZABO, DDS,
JANE DOE 8, DENTAL HYGIENIST,
BAYSIDE STATE PRISON, JOHN POW-
ELL, ADMINSTRATOR, RONALD D. RIG-
GINS, ASST. SUPT./ADMIN., WILLET
BONDS, ASST. SUPT./ADMIN., CHRISTY
DOE, GERALD L. ABBOTT, DMD, MALCOLM
BECKOFF, DDS, HAROLD MAPES, DDS,
GINA SCIAMANNA, JANE DOE 9,
DENTAL HYGIENIST/ASSISTANT, and
R. HEADLEY, BSNRN,
        Defendant's

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
VICINGE OF NEWARK

Civil Action No.: 14-1831 (JLL-JAD)

CIVIL ACTION

AMENDED COMPLAIT

1

Case 2:14-cv-01831-JLL-JAD    Document 64    Filed 09/12/14    Page 2 of 13 PageID: 613

## PARTIES

Plaintiff: STANLEY L. NIBLACK, SBI NO.: 923038A; STATE No.: 769213; NORTHERN STATE PRISON, (3 Wing, (115) 168 FRONTAGE ROAD, P.O. BOX 2300, NEWARK, NEW JERSEY 07114.

Defendant's: University of Medicine and Dentistry of New Jersey; James R. Gonzalez, 150 Bergen Street, Newark, New Jersey 07103; University Correctional Health Care, Margaret Reed, Dr. Chwen Mei Chen, Shannon McComb, Mary Lulangi, Jane Doe 1, Dental Hygienist, Jane Doe 2 through 7, Robert Zamrin, Jennifer Hobbs - Szabo, Jane Doe 8, Dental Hygienist, Gerald Abbott, Malcolm Beckoff, Harold Mapes, Gina Sciammanna, Jane Doe 9, Dental Hygienist/Assistant and R. Headley, Rutgers University Behavioral Health Care, University Correctional Health Care, Bates Building, 2nd Floor, Whittlesey Road, P.O. Box 863, Trenton, NJ 08625;

CENTRAL RECEPTION AND ASSIGNMENT FACILITY, Evelyn Davis, Jane/John Doe, Asst. Supt./Admin., Officer Yi, Officer Ms. Brown, Officer F.C. Connor and Officer D. Rivea, CRAF Stuyvesant Avenue, P.O. Box 7450, Trenton, New Jersey 08628;

NEW JERSEY DEPARTMENT OF CORRECTIONS, Gary M. Lanigan, Louis Colella, Ralph Woodward, Whittlesey Road, P.O. Box 863, Trenton, New Jersey 08625;

Southern State Correctional Facility, C. Ray Hughes and Ronald D. Riggens, 4295 Route 47, Delmont, New Jersey 08314; and

Bayside State Prison, John Powell and Willet Bonds, 4293 Route 47, Leesburg, New Jersey 08327.

## JURISDICTION

1. This is a § 1983 action filed by the plaintiff, Stanley L. Niblack, amending my complaint, a state prisoner, alleging violations of his constitutional rights to receive dental care, seeking injunctive relief, declatory relief and money damages. Plaintiff also seeks an injunction and damages pursuant to the New Jersey Constitution, New Jersey Civil Rights Act of 2004, the N.J.A.C. 10A:16-3 et seq. Americans with Disabilities Act and the Rehabilitation Act.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the United States and New Jersey Constitutions, as well as that which is noted in number 1.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 in that this court retains supplemental, pendent or ancillary jurisdiction over any and all state law claims herein.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 (a)(3) in that this action seeks to redress the deprivation, under color of State law, of rights secured by Acts of Congress providing for equal rights of persons with the jurisdiction of the United States.

<u>EXHAUSTION OF REMEDIES</u>

5. The Plaintiff confirms that the exhaustion of remedies were satisfied.

<u>FACTUAL STATEMENT</u>

6. On or about August 10, 2012, I requested dentures while seeing Dr. Chwen Mei-chen, DMD, while at CRAF (Central Reception and Assignment Facility. She informed plaintiff that his remaining 5 teeth need to be extracted due to periodonte tx indicated, and she is prescribing such exxtractions be done and full over full dental prostheses be made.

7. On or about August 15, 2012, Dr. Chen extracted teeth #21 and 22.

8. After several hours the plaintiff started to feeling enormous excruciating pain in his mouth where Dr. Chen had extracted the two teeth earlier, and neither her or the defendant Jane Doe 1, DH, gave him anything for dry socket.

9. The plaintiff over the next several days when going to get his medication requested something to relieve the pain and emergency dental treatment. But, was not given anything and told by defendant's Jane Doe's 2 through 7 that CRAF and the administrator (Evelyn Davis) has a policy that does not require or mandate that they provide emergency dental services to prisoners.

10. The plaintiff over the next several days requested that Officers Yi, Ms. Brown, F.C. Connor and D. Rivera get me emergency treatment to relieve me of this excruciating pain. Only to be told by them that there is no emergency dental treatment so shut up, roll over and take your ass to sleep. I requested remedy forms from them, but denied.

11. That the plaintiff had to drop a few dental request slips before being called by a nurse who advised plaintiff that there is no emergenc dental treatment and that I'll have to endure the pain until the dentis comes in.

12. That the plaintiff was unable to eat for several days due to this pain in my mouth so I layed in my bed, curled up in a fetal position rocking back and forth all day and night, crying til I could by some miracle induce sleep. Which was the only means of relief I had coming and that was for extremely short intervals.

13. On August 19, 2012, the plaintiff dropped an IRF (inmate remedy form/grievance) in regards to these issues when I finally got one from another inmate who gave it to me because these defendant officers would not give me one. See Pl. Exh. "B#", motion to dismiss.

14. On August 22, 2012, I finally seen Dr. Chen who informed me that I had a dry socket in which the pain is worst than a toothache. I asked her about emergency dental care under such circumstances and was advised by this dentist that such services to prisoners is not required by the administration.

15. On September 12, 2014, plaintiff wrote a letter grievance to defendant Evelyn Davis, Administrator, CRAF, outlining being left in pain and no emergency dental treatment afforded prisoners on plaintiff in accordance with the provisions under N.J.A.C. 10A:16-3.7 (a) & (c). She never replied to this grievance or give plaintiff any explanation as to why I was subjected to such abuses and policies.

16. The plaintiff received a reply from defendant's Shannon McComb and Mary Lulung on his IRF from August 19, 2012, after being transferred to Southern State Correction Facility. That did not answer my concerns of no emergency dental treatment pain relief and who are both not medical personnel to render such decisions.

17. On September 30, 2012, plaintiff filed IRF after being informed by a dental hygienist at S.S.C.F. that I will not be able to get dental prosthetics due to Doc Policy, although prescribed by a dentist

18. In reply to that IRF by defendant's R. Headley and Jane/John Doe 2, state that Doc Policy permits new prosthetics every five years. See Pl. Exh "C", on motion to dismiss.

19. On October 9, 2012, plaintiff seen defendant, Dr. Robert Zamrin, DDS who denied to start the process of fabricating dentures for plaintiff as prescribed. See Pl. Exh. "D9, of motion to dismiss.

20. During this entire period of time plaintiff is suffering due to not having but a few (three) teeth in his mouth the pain, bleeding gums, choking on food, swallowing food whole, unable to chew my food without dentures, headaches and disfigurement.

21. That Dr. Jennifer Hobbs-Szabo also denied and refused to let dental work go forward in dentures being fabricated for plaintiff as did defendant Zamrin.

22. That on December 17, 2012, plaintiff wrote a letter grievance to Defendant Louis Colella, Doc Dental Director who did not respond or take any action on plaintiff's behalf.

4

23. That on October 22, 2013, plaintiff appealed IRF to defendant Southern State Correctional Facility and C. Ray Hughes, Administrator, who does not admonish this DOC Policy on dental prosthetics. See Pl. Exh. "C".

24 On December 28, 2012, defendant Szabo, advised plaintiff that 3 remaining teeth are periodentally involved and require extraction at which time patient will qualify for F/F (full over full) dentures.

25. On or about January 25, 2013, plaintiff was transferred to Bayside State Prison.

26. On February 11, 2013, after plaintiff had dropped a slip to see dental so I could make sure the prescribed and recommended dental treatment was going to be provided with follow-up at this facility. Informing them of my recent transfer from S.S.C.F. and that I wanted to continue the tx, dental treatment plan. See Pl. Exh. "D6".

27. On February 18, 2013, plaintiff was seen by defendant Gerald L. Abbott, DMD, who extracted tooth #2 and #3 and pointed out that after extraction of tooth #17, F/F dentures would be made. See Pl. Exh. "D5".

28. On March 12, 2013, plaintiff sought to have last tooth extracted after dropping dental request form due to excruciating pain in that tooth and defendant's Harold Mapes, Gerald Abbot and Malcolm Beckoff, DDS, would extract this excruciatingly painful tooth that was now referred to as tooth #1. See Pl. Exh. "D3".

29. On March 12, 2013, defendant's Gina Sciamanna and Jane Doe, Dental Hygienist/Assistant would not let extraction work go through, informed plaintiff with above defendant's named that he could only get extraction done every 6 weeks, theres no emergency dental care or extractions and would not give plaintiff nothing for tooth pain. Although, this would have been a simple 2 minute extraction and no one was in the office being treated at that time.

30. On March 13, 2013, I wrote an IRF/Grievance on this denial of dental treatment and request for assistance from corrections ombudsman.

31. On March 15, 2013, plaintiff wrote a letter grievance to defendant Lori Colella, Dental Director, on defendents lack of dental care, left in pain due to refusal to extract tooth but received no reply from him.

32. On March 18, 2013, plaintiff forwarded a letter grievance to defendant's James R. Gonzalez, UMANJ, Gary M. Lanigan, NJDOC, John Powell and BSP, on denial of dental treatment but no reply from either one of these defendants.

33. On March 22, 2013, plaintiff wrote another letter grievance to defendant's Lanigan, NJDOC, Powell and BSP on lack of dental treatment, left in pain and emergency treatment unavailable to prisoners.

34 On March 28, 2013, defendant Ronald Riggins, Asso. Admin, in reply to my IRF on March 13, 2013, and he agreed with the false response therein regarding pain meds for a knee, although it notes I seen dentist and he said it needed to be extracted and that it may take 6 weeks to get back to me due to some days there being no dentist. See Pl. Exh. "E2".

35. This IRF was appealed and answered by defendant Willet Bonds and unknown LPN, but only stated that tooth could not be extracted during sick call and you are rescheduled to have work done.

36. Plaintiff started enduring pain in this very last tooth of my mouth in the very beginning of March, 2013, started dropping dental slips where I wasn't seen until March 12, 2013, denied extraction of the tooth that they already knew from previous dental visits and the dental slip that the tooth had to be extracted. But, they leave me in that pain for another 2 weeks until March 25, 2013, before tooth is actually extracted. That nearly amounted to a month of having to endure this pain. Without any pain medication for it, also denied, where the average person couldn't endure more than a couple of days with a toothache. I was really suffering during this period with tremendous pain.

37. On May 6, 2013, plaintiff wrote another IRF on needing the process for the fabrication of my dentures to be made. Where I am unable to chew my food without dentures my ability to eat is impeded, suffering bleeding gums, headaches and severe pain. See Pl. Exh. "E 3".

38. On May 22, 2013, sees dentist, defendant, Gerald Abbott, who denies me dentures again although prescribed and approved on December 28, 2012, by defendant, Jennifer Szabo. That defendant Abbott jumped over in my charts and went to the denial by defendant, Robert Zamora, after prescribe by Dr. Chen at CRAF. See Pl. Exh. "D1".

39. Defendant Abbott who was aware of the follow-up from S.S.C.F. was doing the tx and extractions along with the other dentists defendant's Mapes and Beckoff. Where he even goes into F/F being fabricated in these defendant's now all of a sudden arbitrarily denies dental prosthetics again along with defendants Gina Scammons and Jane Doe 9 not letting work go further.

40. On May 24, 2013, plaintiff appeals this denial again to defendant's Bayside State Prison, John Powell, Willet Bonds and Ronald Riggins but receives no answer or reply of any kind from these defendants. Pl. Exh. "E3".

41. On May 22, 2013, plaintiff had also filed another IRF on this denial of dentures once again. See Pl. Exh. "E4".

42. On May 22, 2013, plaintiff filed another letter grievance to defendant's Louis Colella, NJDOC and Gary M. Lanigan, who still did not address plaintiff's dental complaints and all concerns.

43. On June 16, 2013, plaintiff wrote another letter grievance to defendant's Louis Colella, Gary M. Lanigan, NJDOC, James R. Gonzalez, UMDNS, University Correctional Healthcare and Margaret Reed in regards to a lack of dental care, denial of treatment for dental conditions, left in pain for substantial periods and no emergency dental care. The NJDOC, UMDNJ and UCHC Policy denying plaintiff dentures or delays in treatment. I sought and requested compensation, but defendants failed to reply.

44. That University of Medicine and Dentry of New Jersey through interrogatories served on them has clarified that defendant University, Correctional Healthcare is obligated to follow the policies and procedures as set forth by the NJDOC Health Services Unit. See Pl. Exh. "B". In which the NJDOC health services unit is headed by defendant, Dr. Ralph Woodward, Managing Physician.

<u>CLAIMS FOR RELIEF</u>

A. Failure To Provide Dental Care For Relief From Pain

45. The failure of defendant's Dr. Chwen Ma, Chen, Jane Doe 1, Dental Hygienist or Jane Doe's 2 through 7 to leave plaintiff in pain and substantial risk of harm to plaintiff violated his Eighth Amendment right to be free from deliberate indifference to my dental/medical needs. Further infringing upon my New Jersey Constitutional rights, New Jersey Civil Rights Act and N.J.A.C. 10A:16-3 et seq.

46. As a result of defendant's Chen, Jane Doe 1 through 7, plaintiff, had to endure and suffer through enormous excruciating physical pain and emotional injuries

47. That the defendants named in paragraph 46 as though fully incorporated herein failed to provide emergency dental treatment as mandated under the U.S., N.J. Constitutions, in violation of the Eighth Amendment, NJCRA and N.J.A.C. 10A:16-3 et seq.

48. That the Policy or custom that defendant's Central Reception and Assignment Facility and Evelyn Davis, Administrator, has implemented as relayed to plaintiff by defendants named in paragraph 45 as though fully incorporated herein in not providing prisoners emergency dental treatment is in violation of the U.S., N.J. Constitutions, Eighth Amendment, NJCRA and N.J.A.C. 10A:16-3 et seq.

49. The failure of defendant's, Officers Yi, Officer Ms. Brown, Officer F.C. Connor and Officer D. Rivera to get dental/medical assistance for the plaintiff or emergency dental care was in violation of the plaintiff's U.S., N.J. Constitutions, Eighth Amendment, NJCRA and N.J.A.C. 10A:16-3 et seq.

50. As a result of defendants CRAF and Evelyn Davis promulgation of their Policy not to render emergency dental care to the plaintiff and other similarly situated prisoners the plaintiff was subjected to enormous excruciating physical pain and emotional injuries.

51. As a result of defendants Yi, Ms. Brown, Connor and D. Rivera not getting plaintiff medical care or emergency dental assistance plaintiff had to suffer through enormous excruciating physical pain and emotional injuries.

B. Retaliation

52. The refusal of defendant's Officers Yi, Ms. Brown, F.C. Connor and D. Rivera to give plaintiff IRF's seeking to write a grievance on the dental abuses and denial of treatment constituted retaliation for making such verbal complaints to petition government for redress of grievances and therefore violated the First Amendment.

53. As a result of defendant's Yi, Brown, Connor and Rivera failure to provide plaintiff with IRF he was unable to seek or gain relief for his dental physical pain from a dry socket and emotional injuries

C. Denial and Delay In Providing Dental Prosthetics

54. The failure of defendant's Southern State Correctional Facility, C. Ray Hughes, Dr. Robert Zamrin, Dr. Jennifer Hobbs-Szabo, R. Headley, Jane/John Doe 2 and Jane Doe 8 to act on their knowledge of a substantial risk of harm to plaintiff in not having dentures to eat and chew his food properly. In violation of the Eighth Amendment, N.S. Constitution, NJCRA, N.J.A.C. 10A:16-3 et seq, ADA and rehabilitation Act.

55. As a result of defendant's failure named in paragraph 54 as though fully incorporated herein plaintiff suffered headaches, severe pains, bleeding gums, choking on food, swallowing food whole, unable to chew food, disfigurement, serious physical and emotional injuries.

56. The failure of defendant's Bayside State Prison, John Powell, Willet Boards, Ronald Riggins, Dr. Gerald Abbott, Malcolm Beckoff, Mapes Gina Sciamanna, R. Headley and John Doe 9 to act on their knowledge of a substantial risk of harm to plaintiff in not having dentures to eat and chew his food properly. In violation of the Eighth Amendment, constitution, NJCRA, N.J.A.C. 10A:16-3 et seq, ADA and rehabilitation Act.

57. As a result of defendants failure named in paragraph 56 as though fully stated and incorporated herein, as to paragraph 55 stated therein.

58. That the failure of defendant's NJDOC, Gary Lanigan, Dr. Louis Colella, Dr. Ralph Woodward, University of Medicine and Dentistry of New Jersey, James R. Gonzalez, University Correctional Health Care and Margret Reed to act on there knowledge of a substantial risk of harm to plaintiff in not having dentures to eat and chew his food properly. In violation of the Eighth Amendment, N.S. Constitution, NJCRA, N.J.A.C. 10A:16-3 et seq, ADA and Rehabilitation Act.

D. Failure To Provide Dental Care For Relief From Pain

59. The failure of defendants Harold Mapes, Gerald Abbott and Malcolm Beckoff to extract excruciatingly painful tooth #18, incorrectly noted as #17, leaving plaintiff in enormous pain and substantial risk of injury or harm in violation of Eighth Amendment right to be free from deliberate indifference of my dental needs. Further infringing upon my N.S. Constitutional rights, NJCRA, and N.J.A.C. 10A:16-3 et seq.

60. As a result of defendant's Mapes, Abbott and Beckoff's failure to extract tooth #18 plaintiff had to endure and suffer through enormous pain physically and emotional injuries.

E. Failure To Let Dental Work Go Forward And Delays In Dental Care

61. The Failure of Defendant's Robert Zamrin, Gerald Abbott, Malcolm Beckoff, Harold Mapes, Jennifer Hobbs-Szabo, Gina Sciamanna, Jane Doe 8 and 9 refused to let dental extractions or dental prosthetics go forward although prescribed and recommend by a dentist leaving plaintiff in enormous pain and substantial risk of harm in violation of the Eighth Amendment right to be free from deliberate indifference of my dental needs. Further in violation of my N.S. Constitutional rights, NJCRA, N.J.A.C. 10A:16-3 et seq, ADA and rehabilitation Act.

62. As a result of defendant's named in paragraph 61, failure, plaintiff had to endure and suffer through enormous physical pain and emotional injuries.

F. Failure To Act Although Defendant's Had Knowledge of Dental Compl

63. The failure of Defendants, CRAF, Evelyn Davis, S.S.C.F., C. Ray H BSP, John Powell, Willet Bonds, Ronald Riggins, NJDOC, Gary M. Lanigan, D Louis Colella, UMDNJ, Jame R. Gonzalez, Shannon McComb, Mary Lulang UCHC and Margret Reed, who did not act on plaintiff's dental concerns or complaints to them through letters, grievances and IRF's. Leaving plaintiff in pain and substantial risk of harm in violation of Eighth Amendment r. to be free from deliberate indifference of my dental needs. In violation of constitution, W.J.C.R.A and N.J.A.C 10A:16-3 et seq.

64. As a result of defendant's named in paragraph 63, failure to act, plaintiff had to endure and suffer through enormous physical pain and emotional injuries.

G. Defendant's Implemented A Doc Policy On Dental Prosthetics That Led To The Constitutional Deprivations

65. As policy makers defendant's, NJDOC, Gary M. Lanigan, Dr. Ralph Woodward, CRAF, Evelyn Davis, S.S.C.F., C. Ray Hughes, BSP, John Powell, Willet Bonds, Ronald Riggins, UMDNJ, James R. Gonzalez and UCHC promulgated, ratified or implemented a Doc Policy or custom limiting dental prosthetics to prisoners in violation of the Eighth Amendment, N.J. Constitution, N.J.C.R.A., N.J.A.C. 10A:16-3 et seq., Americans With Disabilities Act and Rehabilitation Act. Leaving plaintiff in severe pain, headaches, bleeding gums, unable to chew food, choking on his food, swallowing food whole and disfigurement. Placing plaintiff at a serious risk of harm or injury and substantial pain in violation of Eighth Amendment right to be free from deliberate indifference

66. As a result of defendant's named in paragraph 65, as though stated fully and incorporated herein, promulgating, ratifying or implementing this Doc Policy or custom plaintiff had to endure and suffer through enormous physical pain and emotional injuries

H.        Deliberate Indifference To Medical Needs

67. The refusal of defendant's named in paragraphs 7 through 10 to give plaintiff something to relieve his pain, get him medical attention or utilize a policy to deny him medical/dental emergency treatment constituted deliberate indifference to plaintiff's medical/dental serious needs in violation of the Eighth Amendment, as though fully stated and incorporated named defendents in paragraphs 7 through 10, 45 through 51.

68. The refusal of defendant's named in paragraphs 54, 56 and 58 as though fully stated and incorporated herein, denial and delay in providing plaintiff with dentures constituted deliberate indifference to plaintiff's serious medical/dental needs in violation of the Eighth Amendment.

fully stated and incorporated herein, to provide dental care for relief from pain, constituted deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment.

70. The refusal of the defendant's named in paragraph 61, as though fully stated and incorporated herein, to let dental work go forward and aid in dental care, constituted deliberate indifference to plaintiff's serious medical needs in violation of Eighth Amendment.

71. The refusal of defendant's named in paragraph 63, as though fully stated and incorporated herein, to act although defendant's had knowledge of dental complaints, constituted deliberate indifference to plaintiff's serious medical needs in violation of Eighth Amendment.

72. The defendant's named in paragraph 65, as though fully stated and incorporated herein, implementation of a Doc Policy or custom denying, restricting or delaying plaintiff's prescribed dental prosthetics, constituted deliberate indifference to plaintiff's serious medical needs in violation of Eighth Amendment.

73. The defendant's named herein throughout paragraphs 6 through 66 was following these Policies or customs denying outright, restricting or delaying dental prosthetics or emergency dental care, as though named defendant's fully stated and incorporated herein, includes any and all required follow up dental care denied. These defendants have an ongoing policy of deliberate indifference to plaintiff serious medical needs, and other similarly situated prisoners, including dentures. The plaintiff at all times was confined by the New Jersey Department of corrections (NJDOC). Defendant's University of Medicine and Dentistry of New Jersey (UMDNJ) and University Correctional Health Care private New Jersey Corporations, at all relevant times were in a contract with the New Jersey Department of Corrections to provide health care services to all New Jersey Prisons. That all named medical providers are employed by UMDNJ and UCHC. That all other defendants are employed by NJDOC and are state defendant's, at all relevant times and purposes of this action. That at all relevant times every defendant named herein were acting under the color of state law.

I. Failure To Train, Supervise Or Discipline

74. Defendants UMDNJ, UCHC, NJDOC, SSCF and BSP, fails to to train their employees specifically on emergency dental treatment and as promulgated under the Eighth Amendment and N.J.A.C. 10A:16-3 et seq. in violation of plaintiff's rights to be afforded such service, not left in pain.

75. Defendant's named herein under parties as though fully stated and incorporated herein, actions and inactions creates an atmosphere of acceptance of constitutional deprivations. These defendants has made a deliberate an conscious choice to violate plaintiff's rights. The policies implemented by defendant's are so well settled by defendant's as to constitute a "custom or usage with the force of law. The action(s) stated herein to be unconstitutional implements or executes a policy statement, rule, regulation, standard, practice, procedure or decision officially adopted and promulgated by defendant's. They have an ongoing policy of deliberate indifference of no emergency treatment for any dental pain,

## DECLATORY RELIEF

That the New Jersey Department of Corrections, Universidty of Medicine and Dentistry of New Jersey and University Correctional HealthCare, follow the mandates of 10A:16, subchapter 3, in providing emergency dental care to prisoners and adequate treatment in all regards of dental care. That these defendant's implement and promulgate adequate training to all of its dental staff and correctional officers in dealing with signs of dental emergencies and other preventive dental care measures to ensure that all prisoners are afforded proper dental care and treat ment.

That these defendant's abolish their unconstitutional prison policy limiting a prisoner's access to dental prosthetics if provided within the past five (5) years. Where this limitation is a deliberately indifference to a prisoner's dental needs. Where it causes the prisoner to suffer unnecessarily, with bleeding gums, unable to chew their food properly which may cause them to choke on it. The lack of dentures presents prisoner's with unwarranted headaches and/or severe pain, disfigurement. This impedes a prisoner's ability to eat properly that may cause other complications to their health.

These defendant's must implement an adequate disciplinary procedure and process for any employee or staff member who abridges this declatory relief. Whereas, the plaintiff seeks to enter a consent decree with the herein named defendant's so as the aspects of this decree is followed and met. With these defendant's being monitored for five (5) years after entering this consent decree so as to observe and monitor defendant's compliance.

## INJUNCTIVE RELIEF

The plaintiff seeks an injunction and/or temporary restraining order against the New Jersey Department of Corrections, University of Medicine and Dentistry of New Jersey and university Correctional healthCare. Where the plaintiff seeks this relief on the basis of preventing and restraining defendant's from not affording plaintiff or other similarly situated prisoners from receiving emergency dental treatment and care. Where the plaintiff and other similarly situated prisoners has been left in pain as dental staffs refused to extract painfully toothaches, or dry sockets leaving them to suffer.

Refraining defendant's from further Constitutional deprivations, infringements and infirmities, that are a deliberately indifference to serious dental needs. Where their policy limiting plaintiff or other similaryly situated prisoners from receiving prosthetics (dentures, guards), with a five (5) year limitation. In which is a policy that restricts dental health procedures for prisoners. If an injunction, preliminary injunction or temporary restraining order is not implemented the plaintiff and other similarly situated prisoners would sustain irreparable harm. The plaintiff has a great chance of the likelihood of success on the merits of his claims as set forth herein for the injunction, preliminary injunction or temporary restraining order to be granted.

## DEMAND

All of the herein named defendant's: University of Medicine and Dentistry of New Jersey; University Correctional Health Care; James R. Gonzalez; Margret Reed; Central Reception And Assignment Facility; Evelyn Davis; Dr. Chwen Mer-Chen; Jane/John Doe; Shannon McComb; Mary Lulong Jane Doe 1 through 7; Officer Vi; Officer Ms. Brown; Officer F.C. Connor; Officer D. Revere; New Jersey Department of Corrections; Gary M. Lanigan; Louis Culello; Dr. Ralph Woodward, Southern State Correctional Facility; C. Ray Hughes; Jane/John Doe 2; Robert Zamrin; Jennifer Hobbs-Szabo; Jane Doe 8; Bayside State Prison; John Powell; Ronald D. Riggins; Willet Bunds; Christy; Gerald Abbott; Malcolm Buckoff, Harold Mopes, Gina Scramenna; Jane Doe 9 and R. Headly are all sued in their individual and official capacities for the sum of One Million Dollars ($1,000,000) in United States Currency as to each of the herein named defendant's for a total sum of Forty Million Dollars ($42,000,000) in United States Currency for compensatory, punitive/exemplary, special and any other damages that the Court or Jury deems just and equitable.

Wherefore, plaintiff requests judgment against these defendant's for damages as set forth herein, together with attorney fees, filing fees, costs of suit and any other relief as the court may deem proper and just.

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to Fed.R.Civ.P. 38(b) and Local Civil Rule 38.1 "and Demand for Jury Trial".

SLN/s/sfsc

Respectfully Submitted,
Stanley L. Niblack
Stanley L. Niblack

Dated: September 6, 2014

EXHIBIT C

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY L. NIBLACK,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF MEDICINE AND<br>DENTISTRY OF NEW JERSEY et al.,<br><br>Defendants. | Civil Action No.: 14-1831 (JLL)<br><br><br>**ORDER** |

     **THIS MATTER** comes before the Court by way of Plaintiff's motion to remand. This Court had referred Plaintiff's motion to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (b)(1)(B). Magistrate Judge Dickson filed a Report and Recommendation in connection with said motion on January 9, 2015. In particular, Magistrate Judge Dickson recommended that Plaintiff's motion to remand be granted. To date, the Court has received no objections with respect to Magistrate Judge Dickson's January 9, 2015 Report and Recommendation, and for good cause shown,

     **IT IS** on this **26th day of January, 2015,**

     **ORDERED** that the Report and Recommendation of Magistrate Judge Dickson, filed on January 9, 2015 [Docket Entry No. 94], is hereby **ADOPTED** as the findings of fact and conclusions of law of this Court; and it is further

     **ORDERED** that Plaintiff's motion to remand is **granted;** and it is further

     **ORDERED** that this case shall be remanded to the New Jersey Superior Court, Law Division, Essex County Vicinage.

     **IT IS SO ORDERED.**

José L. Linares
United States District Judge

# EXHIBIT D



**FARKAS & DONOHUE, LLC**
Meredith E. Traina, Esq. - 073622013
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Attorneys for Defendants, Chwen-Mei Chen, DMD and Robert J. Zamrin, DDS
Our File No.: UMDNJ-135

| | | |
|---|---|---|
| STANLEY L. NIBLACK, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION – ESSEX COUNTY |
| Plaintiff, | : | DOCKET NO.:  ESX-L-8821-13 |
| | : | |
| -vs.- | : | CIVIL ACTION |
| | : | |
| UNIVERSITY OF MEDICINE AND | : | **ORDER** |
| DENTISTRY OF NEW JERSEY, | : | |
| UNIVERSITY CORRECTIONAL | : | |
| HEALTHCARE, JAMES R. GONZALEZ, | : | |
| PRES. /CEO, MARGARET REED, MA, | : | |
| CENTRAL RECEPTION AND | : | |
| ASSIGNMENT FACILITY, EVELYN | : | |
| DAVIS, ADMINISTRATOR (CRAF), | : | |
| DR. CHWEN-MEI CHEN, DMD, | : | |
| JANE/JOHN DOE, ASST. SUPT./ADMIN., | : | |
| SHANNON MCCOMB, STAFF (CRAF), | : | |
| MARY LULANG, STAFF (CRAF), | : | |
| JANE DOE 1, DENTAL HYGIENIST | : | |
| (CRAF), JANE DOE 2, NURSE (CRAF), | : | |
| JANE DOE 3, NURSE (CRAF), | : | |
| JANE DOE 4, NURSE (CRAF), | : | |
| JANE DOE 5, NURSE (CRAF), | : | |
| JANE DOE 6, NURSE (CRAF), | : | |
| JANE DOE 7, NURSE (CRAF), | : | |
| OFFICE YI, (CRAF), | : | |
| OFFICER MS. BROWN, (CRAF), | : | |
| OFFICE F.C. CONNOR, (CRAF), | : | |
| OFFICER D. RIVERA, (CRAF), | : | |
| NEW JERSEY DEPARTMENT OF | : | |
| CORRECTIONS, GARY M. LANIGAN, | : | |
| COMMISSIONER, LOUIS COLELLA, | : | |
| DOC DENTAL DIRECTOR, DR. RALPH | : | |
| WOODWARD, NJDOC MANAGING | : | |
| PHYSICIAN, SOUTHERN STATE | : | |
| CORRECTIONAL FACILITY, C. RAY | : | |
| HUGHES, ADMINISTRATOR, | : | |

82

JOHN/JANE DOE, STAFF SIG., A. DOE,    :
ASST. SUPT./ADMIN., ROBERT
ZAMRIN, DDS, SSCF & BSP, JANE DOE :
DDS, S.S.C.F., JANE DOE 8, DENTAL    :
HYGIENIST, SSCF, BAYSIDE
STATE PRISON, JOHN POWELL,           :
ADMINISTRATOR, BSP, RONALD D.        :
RIGGINS, ASST. SUPT/ADMIN.,WILLIT    :
BONDS, ASSOC./ASST. ADMIN.BSP.       :
CHRISTY DOE, STAFF SIG. BSP,         :
JOHN DOE 2, DDS, BSP, JANE DOE 9,    :
DENTAL HYGIENIST/ASST., BSP, AND :
R. HEADLEY, BSNRN, BSP,              :
                                     :
_____     :
                    Defendants.      :

    **THIS MATTER** having been opened to the Court by Farkas & Donohue, LLC, attorneys

for defendants Chwen-Mei Chen, DMD and Robert J. Zamrin, DDS, seeking to quash a subpoena

served by plaintiff to compel production of Dr. Zamrin's office and home addresses and for a

protective order pursuant to *R.* 4:10-3; and the Court having considered the moving papers within;

and for good cause shown,

    **IT IS** on this _2-1_ day of _august_ 2015

    **ORDERED** that defendant's motion to quash the attached subpoena issued by plaintiff

seeking Dr. Zamrin's office and home addresses (incorporated herein and made a part hereof) be

and is hereby granted; *and Dr. Zamrin is deemed served* and it is further

    **ORDERED** that defendant Robert J. Zamrin, ~~DDS's motion for a protective order~~ be and

is ~~hereby granted~~; and it is further

    **ORDERED** that the information requested in the attached subpoena ~~be and hereby is~~ not

discoverable, and University Correctional Healthcare is hereby directed not to produce any such

information to plaintiff; and it is further

**ORDERED** that a copy of this Order shall be served upon all counsel within seven (7) days of it receipt in executed, filed form by Farkas & Donohue, LLC.

_Christine Farrington_

CHRISTINE FARRINGTON, J.S.C.

✓ opposed
___ unopposed